**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BEVERLY MASSEY MOUNT, TERESA )
JOHNSON, SHAQUATAN NICOLE )
FLEMMING, QUINEISHA HYLTON, )
and NATHANIEL JACKSON, )
                                         )  CASE NO:
       Plaintiffs, )
v. )
                                          )
PULTE HOME COMPANY, LLC, and )
S&ME, INC., )
                                          )
       Defendant. )
————————————————— )

## NOTICE OF REMOVAL

Defendant Pulte Home Company, LLC ("PHC"), pursuant to 28 U.S.C. § 1441, *et seq.*, hereby removes this action, Case No. 2020-CA-11523-O, Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida ("State Court Action"), to the United States District Court for the Middle District of Florida on the ground that there is diversity jurisdiction under 28 U.S.C. § 1332(d). In support of removal, PHC states as follows:

### PROCEDURAL BACKGROUND

1.      On November 18, 2020, Plaintiffs Beverly Massey Mount, Teresa Johnson, Shaquatan Nicole Flemming, Quineisha Hylton, and Nathaniel Jackson ("Plaintiffs") filed a complaint in the above-captioned action in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2020-CA-11523-O, against PHC and S&ME, Inc.  True and legible copies of all process, pleadings, orders, and other papers on file with the state court in this action, including the Complaint, are attached as Exhibit A. *See* 28

U.S.C. § 1446(a); M.D. Fla. L.R. 4.02(b).

2.      On information and belief, at the time the complaint was filed through today, the citizenship of the five named Plaintiffs has been and is as follows:

       a.   Beverly Massey Mount is a citizen of the State of Florida. Compl. ¶ 3.

       b.   Teresa Johnson is a citizen of the State of Georgia. Compl. ¶ 4.

       c.   Shaquatan Nicole Flemming is a citizen of the State of Georgia. Compl. ¶ 5.

       d.   Quineisha Hylton is a citizen of the State of Florida. Compl. ¶ 6.

       e.   Nathaniel Jackson is a citizen of the State of Florida. Compl. ¶ 7.

3.      At the time the complaint was filed through today, PHC has been and is a Michigan Limited Liability Company.  PHC's sole member is Pulte Diversified Company, LLC, whose sole member is PulteGroup, Inc.  PulteGroup, Inc. is a Michigan corporation with its principal place of business in Atlanta, Georgia.  PHC is therefore a citizen of Michigan and Georgia.

4.      At the time the complaint was filed, through today, S&ME has been and is a North Carolina corporation with a principal place of business in Raleigh North Carolina. S&ME is therefore a citizen of North Carolina. Compl. ¶ 9.

5.      In their complaint, Plaintiffs bring a putative class action seeking equitable relief and damages for harms allegedly stemming from floodwater runoff that flooded Oakland Tildenville Cemetery (the "Cemetery"), which Plaintiffs allege was caused by the construction of a drive from the subdivision Longleaf at Oakland into the state highway immediately adjacent to the Cemetery. Plaintiffs allege that the defendants constructed a

culvert to divert runoff water off the drive, which forced water to run into the Cemetery. Plaintiffs allege that in September 2020, heavy rains caused runoff water to flow into the Cemetery, which in turn disturbed the graves and caused the Cemetery to be too dangerous to visit. *See* Compl. ¶¶ 11-18.

6.     Plaintiffs seek to represent a class of "[a]ll those who are or were next of kin of any decedent laid to rest at Oakland Tildenville Cemetery on or before September 28, 2020." Compl. ¶ 21.

7.     The complaint asserts five counts and requests substantial damages under theories of liability of nuisance; tortious interference with and mishandling of remains and tortious interference with rights involving remains; intentional and/or reckless infliction of emotional distress; and interference with easement rights. Compl. ¶¶ 42-71. The complaint seeks injunctive and declaratory relief, including removing the culvert, an injunction against further water intrusions, and a declaration that defendants are financially responsible for the costs and expenses of remedying any damage done to the graves. It also seeks damages for Plaintiffs' and putative class members' emotional distress, punitive damages, and costs and attorneys' fees. *See generally* Complaint.

8.     PHC was served with the complaint and summons on November 30, 2020.[1] This notice of removal was filed within 30 days of service and is therefore timely under 28 U.S.C. §1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

---

[1] Consenting defendant S&ME also was served on November 30, 2020. Although timeliness of this removal is based solely on service to PHC, see 28 U.S.C. § 1446(b)(2)(B), removal is thus timely as to S&ME as well.

347–48 (1999) (time for removal runs from receipt of formal service of process).

9.    Under 28 U.S.C. § 1453(b), the consent of the other defendant to the putative class action—which is removable under the Class Action Fairness Act ("CAFA")—is not required. Regardless, the only other defendant to this action, S&ME, consents to removal. *See* 28 U.S.C. § 1446(b)(2)(A).

10.    Venue in the United States District Court for the Middle District of Florida, Orlando Division, is proper because the State Court Action was commenced in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. *See* 28 U.S.C. § 1441(a); M.D. Fla. L.R. 1.02(b)(3), 4.02(a).

11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs and filed with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. A copy of the Notice of Filing of Notice of Removal filed with the Clerk of the Court for Orange County Florida is attached as Exhibit B.

12.    By removing this action to this Court, PHC does not waive any defenses, objections, or motions available to it under state or federal law.

**GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT (CAFA)**

13.    Pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), PHC submits the following short and plain statement of the Court's jurisdiction over this action under 28 U.S.C. §§ 1332(d).

14.    Title 28 U.S.C. § 1332(d) extends diversity jurisdiction to putative class actions like this action. In particular, CAFA expands federal courts' diversity jurisdiction

to embrace "class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). These requirements are met here.

15. First, there is minimal diversity. Minimal diversity is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010) (quoting 28 U.S.C. § 1332(d)(2)(A)). Here, three of the named Plaintiffs are citizens of Florida. *See supra* ¶ 2. Defendants include citizens of Michigan, Georgia, and North Carolina. *See supra* ¶¶ 3-4.

16. The putative class has at least 100 members. *See* 28 U.S.C. 1332(d)(5)(B). The class is defined as "[a]ll those who are or were next of kin of any decedent laid to rest at Oakland Tildenville Cemetery on or before September 28, 2020." Compl. ¶ 21. Oakland Tildenville Cemetery has 715 sites,[2] and therefore there are more likely than not thousands of next of kin. In fact, Plaintiffs' counsel has provided PHC's counsel with individual letters of representation on behalf of 160 claimed putative class members.

17. This action also meets CAFA's $5 million amount-in-controversy requirement. *See* 28 U.S.C. § 1332(d)(6). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

---

[2] See Findagrave.com.

threshold" which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 US 87 – 89.  Furthermore, unlike in ordinary removal cases, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court. *Id.* at 89.  Here, plausibility is clear.[3]

    a.   First, Plaintiffs seek a declaration determining that the defendants are financially responsible for remedying damage done to graves at the Cemetery, including reburial of remains, and for removing a culvert. Compl. ¶ 38.  On information and belief, the average Florida funeral costs about $6500.[4]  Funeral costs for 715 decedents thus puts $4.6 million in controversy.  The reburial costs alone, averaging over $2350, for 715 graves, plausibly add up to over $1.68 million.

    b.   Plaintiffs also seek substantial damages for intentional and negligent infliction of emotional distress[5] for each class member (defined as "all next of kin" of the decedents buried in the Cemetery).  Even for just the 160 already-identified putative class members, and even without considering funeral or burial expenses, if each seeks emotional damages

---

[3] PHC has attached Exhibit C a spreadsheet showing the total amount in controversy from funeral or burial expenses, the required amount of emotional-distress damages that would need to be in controversy per kin under a variety of scenarios, and the effect of punitive damages on each.

[4] https://www.lhlic.com/consumer-resources/florida-insurance/.

[5] See Compl. ¶¶ 59-64.

of just $31,250—as they surely do[6]—then this element of damages alone exceeds $5 million, and thus satisfy the amount-in-controversy requirement. *See Cappuccitti*, 623 F.3d at 1122 (as to CAFA's amount-in-controversy requirement, the court must aggregate "the claims of the individual class members").

c. The required per-kin emotional damages number goes down from there. With just 160 kin seeking burial (but not funeral) costs, each would need to demand under $28,900 in emotional distress damages. But with a single next of kin each seeking burial expenses for 715 decedents, each next of kin would need to demand under $5,000 in emotional distress damages to meet the amount-in-controversy requirement.

d. The Plaintiffs' demand for punitive damages, which must also be considered in determining the amount in controversy, drives the required per-kin demand for emotional distress damages down further

---

[6] The Eleventh Circuit recently held that a Georgia district court correctly found that the ordinary diversity amount-in-controversy requirement of $75,000 was met for a single plaintiff suing a cemetery for emotional distress, fraud and punitive damages for reselling a plot the plaintiff had purchased for her mother and attempting to obtain a release of liability, holding it was "hard to imagine that the combined sum of all those claims, plus the punitive damages sought, would not exceed $75,000." *Odelia v. Alderwoods (Georgia), LLC*, 823 F. App'x 742, 746 (11th Cir. 2020). Research into Florida cases seeking emotional distress or punitive damages for disturbing remains shows verdicts ranging from the tens of thousands to millions of dollars, well in excess of the jurisdictional minimum. *See, e.g., Israel Perez v. Memorial Sales, Inc. and Dade Memorial Park, Inc.* (Dade Co. 1992) (negligent burial in mistaken grave site amounted to $30,000 in emotional distress damages); *Mitchell v. Stinson Indus.* (Palm Beach Co. 2018) (mistaken switching of cremated remains, awarded $3.5 million).

still.  *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014) (punitive damages are to be included in amount in controversy where potential award could be high enough to reach the jurisdictional minimum).  Florida law permits per-claimant punitive damages of three times compensatory damages. Fla. Stat. 768.73.[7] With just 160 next of kin claiming emotional distress damages, each would need to claim less than $8,000; the addition of treble punitives would put more than $5,000,000 in controversy.  Indeed, with punitives factored in, the class-wide damages for burial expenses for 715 decedents itself exceeds $5,000,000 in controversy—without *any* emotional distress damages.

e.  Plaintiffs also seek an injunction against any further intrusion of water into the Cemetery.  Compl. ¶ 41.  The costs associated with the requested injunction is estimated to be $2,000,000.

18.  Because the three CAFA requirements are met, CAFA affords this Court diversity jurisdiction. In passing CAFA, Congress intended CAFA's "provisions [to] be read broadly, with a strong preference that interstate class actions should be heard in a federal court." *Dart Cherokee*, 574 US at 89 (citing S. Rep. No. 109-14, p. 43 (2005)). The

---

[7] Plaintiffs also seek attorneys' fees, Compl. p. 13, but do not cite statutory authority and PHC is aware of none.  Because attorney's fees are only included in calculating the amount in controversy when they are authorized by statute, *Mirras v. Time Ins. Co.,* 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008), PHC does not include Plaintiffs' attorneys' fees claim in calculating the amount in controversy.

case that Plaintiffs mean to bring here is just such an action, with many putative class members seeking substantial sums in damages from out of state defendants across the country. It belongs with this Court.

      19.    Having fulfilled the statutory requirements of removal and showing this Court's jurisdiction over this action under 28 U.S.C. § 1332(d), Defendants respectfully remove this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, where it is currently pending, to this Court.

Dated:   December 18, 2020

<div style="margin-left:40%">

/s/   Martin T. Buckley

**Martin T. Buckley, Lead Trial Counsel**
Florida Bar No.: 998321
**Joseph S. Justice**
Florida Bar No.: 0378460
**Tara Lopez**
Florida Bar No.: 91667
RINGER, HENRY, BUCKLEY &
SEACORD, P.A.
200 S. Orange Ave., Suite 2850
Orlando, FL  32801
Telephone: 407-841-3899
Facsimile:  407-841-3855
Primary email:
service-buckley@ringerhenry.com
Secondary email:
service-justice@ringerhenry.com
service-lopez@ringerhery.com

*Attorneys for Defendant Pulte Home
Company, LLC*

</div>

## CERTIFICATE OF SERVICE

I certify I have this 18th day of December  2020, electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to attorneys of record, and have also mailed copies of the same

via first class mail to the following attorneys of record:

Tyler R. Kobylinski
S. Maxwell Karrick
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, Florida  32801
TKobylinski@forthepeople.com
MKarrick@forthepeople.com
*Attorneys for Plaintiffs*

/s/ Martin T. Buckley
**Martin T. Buckley, Lead Trial Counsel**
Florida Bar No.: 998321
**Joseph S. Justice**
Florida Bar No.: 0378460
**Tara Lopez**
Florida Bar No.: 91667
RINGER, HENRY, BUCKLEY &
SEACORD, P.A.
200 S. Orange Ave., Suite 2850
Orlando, FL  32801
Telephone: 407-841-3899
Facsimile:  407-841-3855
Primary email:
service-buckley@ringerhenry.com
Secondary email:
service-justice@ringerhenry.com
service-lopez@ringerhery.com

*Attorneys for Defendant Pulte Home
Company, LLC*

# Exhibit A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>   COUNTY, FLORIDA

<u>BEVERLY MASSEY MOUNT, TERESA JOHNSON, SHAQUATAN FLEMMING,</u>

<u>QUINEISHA HYLTON,</u>
<u>NATHANIEL JACKSON</u>

Plaintiff                                              Case # _____

                                                       Judge  _____

vs.

<u>PULTE HOME COMPANY LLC, S and ME INC</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.    **TYPE OF CASE**       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☒ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>6</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ S Maxwell Karrick</u>       Fla. Bar # <u>119762</u>
      Attorney or party             (Bar # if attorney)

<u>S Maxwell Karrick</u>           <u>11/18/2020</u>
 (type or print name)          Date

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

**BEVERLY MASSEY MOUNT,**
**TERESA JOHNSON,**
**SHAQUATAN NICOLE FLEMMING,**
**QUINEISHA HYLTON, and**
**NATHANIEL JACKSON,**

      **Plaintiffs,**

**vs.**                          **CASE NO:**

**PULTE HOME COMPANY, LLC, and**
**S&ME, INC.,**

      **Defendants.**            **/**

## CLASS ACTION COMPLAINT

Beverly Massey Mount, Teresa Johnson, Shaquatan Nicole Flemming, Quinesha Hylton, and Nathaniel Jackson, the plaintiffs, by and through the undersigned counsel, hereby sue the defendants and allege as follows:

1. This is a case arising from the outrageous, needless and unthinkable desecration, destruction and deluge of the remains and graves of generations of loved ones who had been laid to rest in peace at Oakland Tildenville Cemetery by their families. All in the name of increased profits, convenience and so-called progress, the defendants constructed a second entrance drive into their new, "luxury" subdivision, Longleaf at Oakland and, when it was clear that the drive would have serious flooding issues, the defendants recklessly and wantonly added a culvert that forced all of the runoff water to rush into the historic Oakland Tildenville Cemetery, flooding the graves, sending caskets and remains above ground, and destroying all sanctity and respect for those who were buried there. The families who buried generations of loved ones at Oakland Tildenville Cemetery have been left with the shock and horror of seeing their loved ones' remains desecrated, the horrible uncertainty of not knowing the condition of the remains or their fate, fearing the absolute worst, and the pain of knowing their loved ones' final resting places were treated with no

more respect or dignity than if they were sewers or dumping grounds.

## PARTIES, JURISDICTION, AND VENUE

2.      This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.01), exclusive of costs, interest and attorneys' fees. The actual value of the plaintiffs' claims will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

3.      Beverly Massey Mount is and was, at the time of all incidents described herein, a natural person residing in Orlando, Florida.  She is the surviving child and next of kin of Grant and Mamie Massey, who were laid to rest at Oakland Tildenville Cemetery in 1976 and in 2008.

4.      Teresa Johnson is and was, at the time of all incidents described herein, a natural person residing in Rex, Georgia.  She is the surviving child and next of kin of Booker T. and Alberta Coats, who were laid to rest at Oakland Tildenville Cemetery in 2016 and in 1994.

5.      Shaquatan Nicole Flemming is and was, at the time of all incidents described herein, a natural person residing in Hampton, Georgia.  She is the surviving mother and next of kin of her deceased daughter, who was laid to rest at Oakland Tildenville Cemetery in 1999.

6.      Quineisha Hylton is and was, at the time of all incidents described herein, a natural person residing in Groveland, Florida.  She is the surviving mother and next of kin of Amyah, Grace, Faith and Hope Johnson, who were laid to rest at Oakland Tildenville Cemetery in 2009.

7.      Plaintiff Nathaniel Jackson is and was, at the time of all incidents described herein, a natural person residing in Plantation, Florida.  He is the surviving son and next of kin of Andrew, Sr. and Amanda Jackson, who were laid to rest at Oakland Tildenville Cemetery in 1990 and 1996.

8.      At all times material to this action, Defendant Pulte Home Company, LLC was and is a foreign limited liability company doing business in the State of Florida.  Defendant Pulte Home Company, LLC's principal place of business is located in Atlanta, Georgia.

9.      At all times material to this cause of action, Defendant S&ME, Inc. was and is a foreign corporation, with its principal place of business in Raleigh North Carolina, doing business in the State of Florida.

10.     Upon information and belief, at all relevant times each of the defendants acted as the agent, instrumentality, partner, joint venturer, and/or alter ego of each other such that a unity of purpose existed between them to a sufficient extent that the defendants shall be jointly and severally liable.

## FACTS APPLICABLE TO ALL CLAIMS

11.     Defendant Pulte Home Company, LLC is the owner and developer of a new subdivision, Longleaf at Oakland.  Defendant SM&E, Inc. was the designer for the subdivision.

12.     Longleaf at Oakland was constructed in the heart of an over century old community where orange groves used to stand, situated next to the historic church cemetery, Oakland Tildenville Cemetery.   Longleaf at Oakland is advertised as a providing a "low maintenance lifestyle" of "luxury townhomes" and homes with "stylish finishes," and a pool, cabana and "tot lot."  *See*   https://www.pulte.com/homes/florida/orlando/oakland/longleaf-at-oakland-210069.     Some of the homes in Longleaf at Oakland have "impressive staircases," while others sport "vast entertaining spaces," "walk in closets," and cafes looking out onto courtyards.

13.     In their quest for ever-greater profits and in the name of so called "progress" and convenience, the defendants constructed a new, second drive into their subdivision, one that could be accessed straight from the highway without the need to drive through the historic Oakland community and the families who had lived there for generations.  This new, second entrance drive ran right beside the town church and Oakland Tildenville cemetery.

14.     When it became clear that this new drive would flood, the defendants wantonly and recklessly constructed a culvert to divert all of the runoff water off the drive, which forced the water instead to rush into the Oakland Tildenville Cemetery.

15.     The defendants took these actions fully knowing or turning a knowing blind eye to the impact the deluge of water would have on the graves and remains laid to rest at Oakland Tildenville Cemetery, and did so without any regard for the obvious, foreseeable terrible pain, shock and horror their actions would cause the families who had laid their loved ones to rest in that cemetery for generations.

16.     Just as the defendants planned, with heavy rains, the floodwaters were swept away from Longleaf at Oakland.  The water, instead, was dumped into the Oakland Tildenville Cemetery.

17.     The first massive flooding and desecration caused by the defendants' actions happened in September, 2020.

18.     Runoff water was forced into Oakland Tildenville Cemetery by the defendants, flooding the cemetery, causing caskets to rise, the cemetery to become too dangerous to visit and disturbing and desecrating the generations of graves and remains that had been laid to rest there by their families.

## CLASS ACTION ALLEGATIONS

19.     The plaintiffs reassert and reallege the preceding paragraphs as if fully set forth herein.

20.     The named plaintiffs (hereinafter "The Families") seek equitable relief and damages on behalf of themselves and all other families of decedents whose remains were laid to rest at Oakland Tildenville Cemetery.  This action alleges claims arising from the desecration of the remains at Oakland Tildenville Cemetery, and includes claims for injunctive and declaratory relief, as well as claims for nuisance, willful and/or wanton mishandling of remains, intentional infliction of emotional distress, interference with easement rights pursuant to Florida Statute §704.08, and punitive damages.

21.     This action is brought pursuant to the applicable provisions of Fla.R.Civ.P. 1.220 on behalf of a class defined as:

> All those who are or were next of kin of any decedent laid to rest at Oakland Tildenville Cemetery on or before September 28, 2020.

22.     Excluded from the class are the defendants, including any parent, subsidiary, affiliate or controlled person of these entities and their officers, directors, agents, employees and members of their immediate families; and the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

23.     The class is so numerous that individual joinder of all its members is impracticable.

24.     The identities of the class members for purposes of class notice may be readily ascertained from records from Oakland Tildenville Cemetery.

25.     In this action, common issues of law and fact relating to the conduct, rights and responsibilities, and resulting liability of the defendants predominate over any issues affecting only individual class members.

26.     The claims of the Families are typical of the claims of the class.  The Families and the class members have been subjected to the same unlawful behavior of the defendants, giving rise to common legal and equitable claims.

27.     The Families will fairly and adequately represent and protect the interests of the class and none have any interests that are adverse to the interests of the class.

28.     The Families have retained counsel who are competent and experienced in class action and complex litigation, including in cases involving the desecration and mishandling of remains.  The Families and their counsel are committed to prosecuting this action on behalf of the class members vigorously on behalf of all class members and have the financial resources to do so.

29.     Neither the Families nor their counsel have any interests adverse to the class members.

30.     This Court may elect, in its discretion, to maintain these claims as a class action under Rule 1.220(b)(1), (2) and/or (3).

31.     Class certification is appropriate pursuant to Rule 1.220(b)(1) of the Florida Rules of Civil Procedure because the prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the defendants and/or because adjudications respecting individual members of the class would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impeding their ability to protect their interests.

32.     Class certification is also appropriate pursuant to Rule 1.220(b)(2) of the Florida Rules of Civil Procedure because the defendants acted on grounds generally applicable to the class, making final injunctive and/or declaratory relief appropriate.

33.     Class certification is also appropriate pursuant to Rule 1.220(b)(3) of the Florida Rules of Civil Procedure because common issues of law and fact predominate over issues involving only individual class members.

34.     A class action approach is superior to other available methods for the fair and efficient adjudication of this dispute because common questions of law and fact predominate over any questions that may affect only individual members of the class and there would be significant economies to the courts and the parties in litigating the common issues on a class wide basis rather than in repetitive individual trials.  A class action approach is also superior in this matter because hundreds of individual lawsuits would unnecessarily burden the courts, multiply the costs of litigation, and could impede the ability of some class members to receive any compensation at all should the funds available to satisfy individual claims be exhausted.  A class approach would consolidate these matters and create fewer management difficulties because it would provide the benefits of unitary adjudication, judicial economy, economies of scale, comprehensive supervision by a single court, and the fair and equitable handling of all of the class members' claims in a single forum..

35.     Class certification is also appropriate because this Court can designate particular claims or issues for class wide treatment, and/or may designate one of more subclasses pursuant to Rule 1.220(d)(4).

<div align="center">

**COUNT I-**
**REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

</div>

36.     The Families reassert and reallege the preceding paragraphs as if fully set forth herein.

37.     The Families ask this Court for declaratory and equitable relief including but not limited to a declaration of the rights of the Families and the class members regarding the resting places of their loved ones, and the responsibilities and restrictions on the defendants regarding any further intrusions or acts that impact Oakland Tildenville Cemetery, the graves located in the cemetery, and the remains that have been buried there.

38.     The Families, on behalf of themselves and the class members, further request declaratory relief, determining and declaring the defendants to be financially responsible for the costs and expenses of remedying the damage that has been done to the remains and graves at Oakland Tildenville Cemetery, laying the remains that have been disturbed to rest lawfully and with dignity, and removing the culvert so that further damage is not inflicted on the Families.

39.     The defendants' actions and the resulting flooding, destruction and desecration of the remains and graves at Oakland Tildenville Cemetery have caused and continue to cause irreparable injury to the Families and the class members, who have a clear legal right and obligation to insure that their loved ones are buried and will rest in peace lawfully, and with dignity and respect.

40.     No adequate remedy at law exists to address the irreparable injuries inflicted on the Families and the class members by the defendants' conduct.

41.     Accordingly, The Families, on behalf of themselves and the class, request the injunctive relief, including but not limited to enjoining the defendants from diverting water onto Oakland Tildenville Cemetery, and enjoining the defendants from any further intrusions upon or interference with Oakland Tildenville Cemetery and the graves and remains that have been laid there to rest in peace.

## COUNT II - NUISANCE

42.     The Families reassert and reallege the preceding paragraphs as if fully set forth herein.

43.     The Families and the class members, as the surviving next of kin of decedents who were laid to rest at Oakland Tildenville Cemetery, had and have a quasi-property right in and legitimate claim of entitlement to the remains of their loved ones for the purposes of providing that the remains are properly, lawfully and respectfully disposed of and will rest in peace.

44.     The Families and the class members, as the surviving next of kin of decedents who were laid to rest at Oakland Tildenville Cemetery, also had and have an easement right on the grounds of Oakland Tildenville Cemetery for the purposes of ingress and egress to visit the graves of their loved ones.

45.     Through their actions described herein, the defendants desecrated the resting places of the Families' and the class members' loved ones, unreasonably interfering with, annoying and disturbing the Families' and class members' rights and the Families' and class members' reasonable use, possession and exercise of their rights regarding the proper and dignified burial and disposition of the remains.

46.     Further, through their actions described herein, the defendants flooded and swamped the Oakland Tildenville Cemetery, unreasonably disturbing and interfering with the Families' and class members' reasonable exercise of their rights to visit the graves of their loved ones.

47.     The defendants' actions were not a reasonable use or reasonable exercise of dominion over the land, and instead unreasonably invaded upon the rights and interests of the Families and the class members.

48.     The defendants' actions were intentional, wanton, willful and/or showed an entire want of care or great indifference to others, including the Families and class members, who for generations have buried their loved ones at Oakland Tildenville Cemetery.

49.     The defendants' actions constituted a private nuisance.

50.     The defendants' actions have caused and continue to cause serious injury to the Families and the class members, including discomfort, annoyance, inconvenience and severe emotional distress.

<div align="center">

**COUNT III-**
**TORTIOUS INTERFERENCE WITH AND MISHANDLING OF REMAINS,**
**AND TORTIOUS INTERFERENCE WITH RIGHTS INVOLVING REMAINS**

</div>

51.     The Families reassert and reallege the preceding paragraphs as if fully set forth herein.

52.     The defendants owed a duty to use reasonable care to avoid causing unreasonable, foreseeable harm to others.  Specifically, the defendants owed a duty to use the level of care, skill and treatment that, in light of all of the relevant surrounding circumstances would be used by reasonable members of the defendants' professions.   The defendants' duties included using reasonable care to avoid the traumatic, reasonable and foreseeable harm that flooding the Oakland Tildenville Cemetery caused the families of loved ones buried there.

53.     The Families and the class members had rights to the remains of their loved ones for the purpose of providing them a lawful, dignified, final disposition – in this case by laying their loved ones to rest in peace at Oakland Tildenville Cemetery.

54.     The defendants, through their conduct described herein, invaded and interfered with the rights of the Families and the class members and the proper, respectful internment of the remains of their loved ones.

55.    The defendants, through their conduct described herein, improperly and indecently desecrated, mistreated and physically interfered with the remains of the Families' and the class members' loved ones.

56.    The defendants' conduct was wanton, willful and/or malicious.

57.    Due to the defendants' conduct, the flood waters that swamped Oakland Tildenville Cemetery physically impacted the graves and all those family members who endeavored to visit the graves of their loved ones.

58.    The defendants' conduct caused and continues to cause injuries to the Families and the class members, including severe emotional distress.

## COUNT IV –
## INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

59.    The Families reassert and reallege the preceding paragraphs as if fully set forth herein.

60.    The defendants' actions described herein were intentional and/or reckless.

61.    The defendants knew or reasonably should have known that their conduct and choices would reasonably certainly cause the Families' and class members' distress.

62.    The defendants' conduct was outrageous, odious and utterly intolerable in a civilized community.

63.    The defendants' conduct was particularly outrageous and intolerable in light of the long-recognized particular solicitude for the emotional vulnerability of survivors regarding any improper behavior toward the remains of a loved one.

64.    The defendants' conduct caused and continues to cause the Families and class members to suffer damages including severe emotional distress.

## COUNT V-
## INTERFERENCE WITH EASEMENT RIGHTS

65.     The Families reassert and reallege the preceding paragraphs as if fully set forth herein.

66.     Florida law protects all grieving and bereaved families by granting them an easement right over cemetery grounds, an easement for ingress and egress for the purpose of visiting the cemetery at reasonable times and in a reasonable manner.

67.     Florida law provides this statutory easement so that all Floridians can visit and pay their respects to their departed loved ones who have been laid to rest in peace in a cemetery.

68.     The only reasonable damages arising from interference with this easement right include emotional distress.

69.     In this case, the Families and the class members possessed easements on the grounds of Oakland Tildenville Cemetery to insure that they could visit the graves of their loved ones and pay their respects.

70.     The defendants' conduct described herein interfered with the Families' and the class members' statutory easement rights.

71.     The defendants' interference with these statutory easement rights caused and continues to cause injuries to the Families and the class members, including severe emotional distress.

## PUNITIVE DAMAGES

72.     The Families reassert and reallege the preceding paragraphs as if fully set forth herein.

73.     Pursuant to the Florida Department of Transportation's Drainage Connection Permit 2018-D-594-018, that the defendants submitted on May 4, 2018, the defendants knew long before the flooding of the catastrophic impact their new drainage culvert would have on the cemetery.  As

is plan from the image below, the permit, itself, shows the intentional direction of the flow of water towards the cemetery:



74.    As the defendants knew, historically, and prior to the defendants' addition of the drainage culvert, water flowed to the east along West Colonial Drive into retention ponds on adjacent property. The addition of the roadway and drainage culvert was designed to and did shift the flow of water towards the opposite direction – west - along West Colonial Drive, forcing the water into the cemetery.



75.     The defendants' conduct was intentional.

76.     The defendants knew of the wrongfulness of their conduct.

77.     The defendants knew of the high probability that injury or damage to the Families and class members would result from their choice to dump water into Oakland Tildenville Cemetery.

78.     Yet, despite that knowledge, the defendants intentionally pursued the conduct, built the culvert which performed exactly as the defendants intended, and flooded, disturbed and desecrated the cemetery and graves.

79.     The defendants' conduct was grossly negligent.

80.     The defendants' conduct was so reckless and wanting in care that it constituted a conscious disregard or indifference to the rights and welfare of the Families and class members.

81.     The defendants caused serious injuries to the Families and class members, including severe emotional distress.

82.     Because the defendants conduct was intentional and/or grossly negligent, punitive damages are warranted – to punish the defendants and to deter the defendants and all others from engaging in such conduct ever again.

## **PRAYER FOR RELEIF**

**WHEREFORE**, The Families sue the defendants and ask:

a)  Certification of this action as a class action, appointment of The Families as class representatives and undersigned counsel as class counsel, and designation of any appropriate subclasses, for any or all claims and issues, under Florida's applicable class action provisions;

b) An award of injunctive and declaratory relief described herein, including a judicial determination of the rights and responsibilities of the parties regarding the cemetery premises and the remains that are the subject to this action;

c) That a jury be empaneled to hear this case;

d) An award of compensatory and punitive damages, in an amount deems appropriate by the trier of fact, but in excess of Thirty Thousand Dollars ($30,000.01);

e) An award of pre- and post-judgment interest;

f)  An award of costs, including but not limited to discretionary costs, attorneys' fees and expenses incurred in pursuing this case; and

g) Such other relief as the Court deems just and proper and/or to which they may be entitled.

**Respectfully Submitted, this 18th day of November, 2020**

Tyler R. Kobylinski
Tyler R. Kobylinski, Esquire
FBN: 115506
S. Maxwell Karrick, Esquire
FBN: 119762
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
Telephone:     (407) 420-1414
Primary email: TKobylinski@forthepeople.com
Secondary email: MKarrick@forthepeople.com
EGuzman@forthepeople.com;
SNaranjo@forthepeople.com
Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA**

**BEVERLY MASSEY MOUNT,
TERESA JOHNSON, SHAQUATAN
NICOLE FLEMMING, QUINEISHA
HYLTON, and NATHANIEL
JACKSON,**

          **Plaintiffs,**

**CASE NO:**

**vs.**

**PULTE HOME COMPANY, LLC,
and S&ME, INC.,**

          **Defendants.**

_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

      Plaintiffs, by and through their undersigned counsel, hereby requests that Defendant,

PULTE HOME COMPANY, LLC, produce for inspection or copying the documents set forth

below. Defendant shall produce these documents at P.O. Box 4979, Orlando, Florida 32802 within

forty-five (45) days after service of this Request for Production.

**I. Definitions**

      A.    As used throughout this Request to Produce, the following terms are defined as

follows:

      B.    "Document" is used in the broad sense and means any tangible object or thing that

contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the

original is not available, of any book, record, minutes of meetings, reports and/or summaries of

interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions

of counsel; communications of any nature, including internal company communications,

memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or

summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press

releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.     "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.     If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.     "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.     "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents,

representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G. "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H. As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I. As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1. Description sufficient to identify.

2. The date(s).

3. The subject matter(s).

4. The sender(s) or author(s).

5. The recipient(s).

6. The persons to whom copies were furnished, together with their job titles.

7. The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 20 N. Orange Avenue, Orlando, FL  32801, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.      All statements made by any witnesses to the subject flooding at the Oakland Cemetery as alleged in Plaintiffs' Complaint.

2.      All statements made by the Plaintiffs pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject incident, including photographs of the cemetery, the drainage culvert / drainage system, and the area of the entrance of Sansparilla Road just north of West Colonial Drive, taken at any point in time over the prior three (3) year period.

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or

4

reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident reports or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done of the drainage culvert / drainage system at issue as alleged in Plaintiffs' Complaint and located beneath Sansparilla road just north of West Colonial Drive over the prior five (5) year period.

7.      A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for designing, planning, constructing, or inspecting the drainage culvert / drainage system at issue as alleged in Plaintiffs' Complaint and located beneath Sansparilla Road just north of West Colonial Drive.

8.      A true and correct copy of any and all written inspection procedures or policies in place on the date of the subject incident in general, and specifically related to the development known as Longleaf at Oakland.

9.  Any and all design documents of any kind related to the development known as Longleaf at Oakland.

10. Any and all design documents of any kind related to the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

11. Any and all submissions made to the St. John's River Water Management District related to the drainage culvert / drainage system within the development known as Longleaf at

Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

12. Any and all inspection performed by the St. John's River Water Management District related to the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

13. Any and all documents approving the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

14. Any and all construction documents related to the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

15. Any and all documents related to Defendant's investigation, assessment, or inquiries as to the condition of the land encompassing the Oakland Cemetery, and surrounding areas involving in the construction project known as Longleaf at Oakland, related to the land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

16. Any and all documents related to testing performed by Defendant, or at the request of, or on behalf of Defendant, as to the condition of the land encompassing the Oakland Cemetery, and surrounding areas involving in the construction project known as Longleaf at Oakland, related to the land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

17. Any and all documents of any kind which reference or refer in any way to the Oakland Cemetery at issue and as detailed more specifically in Plaintiffs' Complaint.

18. Any and all policies and procedures utilized, referenced, or considered by Defendant, their agents, contractors, or sub-contractors, related to water management, land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

19. Any and all reports from engineers, designers, constructors, builders, geotechnical engineers or companies, related to the investigation, assessment, or inquiries as to the condition of the land encompassing the Oakland Cemetery, and surrounding areas involving in the construction project known as Longleaf at Oakland, related to the land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

20. Any and all correspondence sent to, or received from, the St. John's River Water Management District regarding the Oakland Cemetery, the land surrounding the Oakland Cemetery but not directly involved in the construction project known as Longleaf at Oakland, and/or related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

<div align="right">

Tyler R. Kobylinski
_____
Tyler R. Kobylinski, Esquire
FBN: 115506
S. Maxwell Karrick, Esquire
FBN: 119762
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
Telephone:      (407) 420-1414
Primary email: TKobylinski@forthepeople.com
Secondary email: MKarrick@forthepeople.com
EGuzman@forthepeople.com;
SNaranjo@forthepeople.com
Attorneys for Plaintiff

</div>

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,**
**IN AND FOR ORANGE COUNTY, FLORIDA**

**BEVERLY MASSEY MOUNT,**
**TERESA JOHNSON, SHAQUATAN**
**NICOLE FLEMMING, QUINEISHA**
**HYLTON, and NATHANIEL**
**JACKSON,**

        **Plaintiffs,**

                                **CASE NO:**

**vs.**

**PULTE HOME COMPANY, LLC,**
**and S&ME, INC.,**

        **Defendants.**

_____ /

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

      Plaintiffs, by and through their undersigned counsel, hereby requests that Defendant, S&ME, INC., produce for inspection or copying the documents set forth below. Defendant shall produce these documents at P.O. Box 4979, Orlando, Florida 32802 within forty-five (45) days after service of this Request for Production.

**I. Definitions**

      A.    As used throughout this Request to Produce, the following terms are defined as follows:

      B.    "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the <u>original</u>, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press

1

releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

C.    "Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

D.    If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents,

representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G.      "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H.      As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I.      As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.      Description sufficient to identify.

2.      The date(s).

3.      The subject matter(s).

4.      The sender(s) or author(s).

5.      The recipient(s).

6.      The persons to whom copies were furnished, together with their job titles.

7.      The present depository or person having custody of the document.

8.      The nature and basis of privilege or immunity claimed.

9.      The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III.  Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV.  Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Morgan & Morgan, P.A., 20 N. Orange Avenue, Orlando, FL  32801, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

**DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:**

1.      All statements made by any witnesses to the subject flooding at the Oakland Cemetery as alleged in Plaintiffs' Complaint.

2.      All statements made by the Plaintiffs pertaining to or concerning the subject matter.

3.      All photographs of the area involved in the subject incident, including photographs of the cemetery, the drainage culvert / drainage system, and the area of the entrance of Sansparilla Road just north of West Colonial Drive, taken at any point in time over the prior three (3) year period.

4.      A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or

4

reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5.      A copy of any incident reports or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6.      Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done of the drainage culvert / drainage system at issue as alleged in Plaintiffs' Complaint and located beneath Sansparilla road just north of West Colonial Drive over the prior five (5) year period.

7.      A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for designing, planning, constructing, or inspecting the drainage culvert / drainage system at issue as alleged in Plaintiffs' Complaint and located beneath Sansparilla Road just north of West Colonial Drive.

8.      A true and correct copy of any and all written inspection procedures or policies in place on the date of the subject incident in general, and specifically related to the development known as Longleaf at Oakland.

9.  Any and all design documents of any kind related to the development known as Longleaf at Oakland.

10. Any and all design documents of any kind related to the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

11. Any and all submissions made to the St. John's River Water Management District related to the drainage culvert / drainage system within the development known as Longleaf at

Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

12. Any and all inspection performed by the St. John's River Water Management District related to the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

13. Any and all documents approving the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

14. Any and all construction documents related to the drainage culvert / drainage system within the development known as Longleaf at Oakland and specifically related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

15. Any and all documents related to Defendant's investigation, assessment, or inquiries as to the condition of the land encompassing the Oakland Cemetery, and surrounding areas involving in the construction project known as Longleaf at Oakland, related to the land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

16. Any and all documents related to testing performed by Defendant, or at the request of, or on behalf of Defendant, as to the condition of the land encompassing the Oakland Cemetery, and surrounding areas involving in the construction project known as Longleaf at Oakland, related to the land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

17. Any and all documents of any kind which reference or refer in any way to the Oakland Cemetery at issue and as detailed more specifically in Plaintiffs' Complaint.

18. Any and all policies and procedures utilized, referenced, or considered by Defendant, their agents, contractors, or sub-contractors, related to water management, land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

19. Any and all reports from engineers, designers, constructors, builders, geotechnical engineers or companies, related to the investigation, assessment, or inquiries as to the condition of the land encompassing the Oakland Cemetery, and surrounding areas involving in the construction project known as Longleaf at Oakland, related to the land slope, soil types, drainage, water movement and run-off, water-shed tables, surface water, subsurface water.

20. Any and all correspondence sent to, or received from, the St. John's River Water Management District regarding the Oakland Cemetery, the land surrounding the Oakland Cemetery but not directly involved in the construction project known as Longleaf at Oakland, and/or related to the drainage culvert / drainage system located beneath Sansparilla Road just north of West Colonial Drive.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

Tyler R. Kobylinski
Tyler R. Kobylinski, Esquire
FBN: 115506
S. Maxwell Karrick, Esquire
FBN: 119762
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
Orlando, FL 32801
Telephone:     (407) 420-1414
Primary email: TKobylinski@forthepeople.com
Secondary email: MKarrick@forthepeople.com
EGuzman@forthepeople.com;
SNaranjo@forthepeople.com
Attorneys for Plaintiff

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA**

**BEVERLY MASSEY MOUNT,
TERESA JOHNSON,
SHAQUATAN NICOLE FLEMMING,**     CASE NO: 2020-CA-11523-O
**QUINEISHA HYLTON, and
NATHANIEL JACKSON,**

     **Plaintiffs,**

vs.

**PULTE HOME COMPANY, LLC, and
S&ME, INC.,**

     **Defendants.**     /
_____

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**PULTE HOME COMPANY, LLC**
i/c/o Corporation Service Company, as Registered Agent
1201 Hays Street
Tallahassee, FL 32301-2525

     Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Tyler R. Kobylinski, Esquire and S. Maxwell Karrick, Esquire, **Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the __23__ day of __November__, 2020.

**Tiffany Moore Russell**
Clerk of the Circuit Court

By_____
As Deputy Clerk

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

2

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

**IMPORTANTE**

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

**IMPORTANT**

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne

3

connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

> **MORGAN & MORGAN, P.A.**
> **POST OFFICE BOX 4979**
> **20 NORTH ORANGE AVENUE, SUITE 1600**
> **ORLANDO,             FLORIDA           32802-4979**

**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA**

**BEVERLY MASSEY MOUNT,**
**TERESA JOHNSON,**
**SHAQUATAN NICOLE FLEMMING,**          **CASE NO:**   2020-CA-11523-O
**QUINEISHA HYLTON, and**
**NATHANIEL JACKSON,**

      **Plaintiffs,**

vs.

**PULTE HOME COMPANY, LLC, and**
**S&ME, INC.,**

      **Defendants.** _____ /

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint  in
the above-styled cause upon the Defendant:

**S&ME, INC.,**
i/c/o Cogency Global, Inc., as Registered Agent
115 North Calhoun St., Suite 4
Tallahassee, FL 32301

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on
Tyler R. Kobylinski, Esquire and S. Maxwell Karrick, Esquire, **Morgan & Morgan, P.A.**, 20 North
Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-
1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service,
and to file the original of said written defenses with the Clerk of said Court either before service on
Plaintiff's attorney or immediately thereafter.  If you fail to do so, a default will be entered against you
for the relief demanded in the Complaint or Petition.

**REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

1

       If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

       WITNESS   my   hand   and   the   seal   of   this   Court   on   this   the   _23___   day   of _____November_____, 2020.

**Tiffany Moore Russell**
Clerk of the Circuit Court

By_____
            As Deputy Clerk

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne

3

connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

**MORGAN & MORGAN, P.A.**
**POST OFFICE BOX 4979**
**20 NORTH ORANGE AVENUE, SUITE 1600**
**ORLANDO,**                 **FLORIDA**                 **32802-4979**

## AFFIDAVIT OF SERVICE

State of Florida                    County of Orange                    Circuit Court

Case Number: 2020-CA-11523-O

Plaintiff:
**BEVERLY MASSEY MOUNT, TERESA JOHNSON, SHAQUATAN NICOLE FLEMMING, QUINEISHA HYLTON, and NATHANIEL JACKSON,**


LDK2020206960

vs.

Defendant:
**PULTE HOME COMPANY, LLC, and S&ME, INC.,**

For:
S. Maxwell Karrick
Morgan & Morgan, P.A.*
P.O. Box 4979
Orlando, FL 32802

Received by KNOPF INVESTIGATIONS, INC on the 25th day of November, 2020 at 11:18 am to be served on **S&ME, INC. i/c/o Cogency Global, Inc., as Registered Agent, 115 North Calhoun St., Tallahassee, FL Suite 4.**

I, Christopher Kady, being duly sworn, depose and say that on the **30th day of November, 2020** at **11:50 am, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS, CLASS ACTION COMPLAINT, and PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT** with the date and hour of service endorsed thereon by me, to: **CHRIS VICK** as **CLIENT SERVICE SPECIALIST** authorized to accept service, of the within named corporation, at the address of: **115 NORTH CALHOUN STREET, SUITE 4, TALLAHASSEE, FL 32301** on behalf of **S&ME, INC.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: M, Race/Skin Color: WHITE, Height: 5'11", Weight: 165, Hair: BROWN, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                    "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.   NOTARY NOT REQUIRED PURSUANT TO FS 92.525

CAITLIN D CHELETTE
MY COMMISSION # GG 967738
EXPIRES: March 10, 2024
Bonded Thru Notary Public Underwriters

STATE OF FLORIDA, COUNTY OF LEON

Sworn to (or affirmed) and Subscribed before me by means of [  ] physical presence or [  ] online notarization on the 30th day of November, 2020 by the affiant who is personally known to me.

PRINTED NAME

NOTARY PUBLIC

**Christopher Kady**
Process Server 237

**KNOPF INVESTIGATIONS, INC**
P.O. BOX 560856
ROCKLEDGE, FL 32956-0856
(321) 373-1245

Our Job Serial Number: LDK-2020206960
Ref: 2020-CA-11523-O

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

Filing # 116899537 E-Filed 11/18/2020 03:08:20 PM

NOV 3 0 2020

Served Date: _____ Time: 11:50AM

Christopher Kady #237
2nd Judicial Circuit

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

BEVERLY MASSEY MOUNT,
TERESA JOHNSON,
SHAQUATAN NICOLE FLEMMING,     CASE NO:     2020-CA-11523-O
QUINEISHA HYLTON, and
NATHANIEL JACKSON,

      Plaintiffs,

vs.

PULTE HOME COMPANY, LLC, and
S&ME, INC.,

      Defendants.                   /

### SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**S&ME, INC.,**
i/c/o Cogency Global, Inc., as Registered Agent
115 North Calhoun St., Suite 4
Tallahassee, FL 32301

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Tyler R. Kobylinski, Esquire and S. Maxwell Karrick, Esquire, **Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

### REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

I

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the __23__ day of ___November___, 2020.

**Tiffany Moore Russell**
Clerk of the Circuit Court

James R Stoner, Deputy Clerk
2020-11-23 10:54:22
By _____
As Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

2

## AFFIDAVIT OF SERVICE

State of Florida                    County of Orange                    Circuit Court

Case Number: 2020-CA-11523-O

Plaintiff:
**BEVERLY MASSEY MOUNT, TERESA JOHNSON, SHAQUATAN NICOLE FLEMMING, QUINEISHA HYLTON, and NATHANIEL JACKSON,**

vs.

Defendant:
**PULTE HOME COMPANY, LLC, and S&ME, INC.,**

LDK2020206960

For:
S. Maxwell Karrick
Morgan & Morgan, P.A.*
P.O. Box 4979
Orlando, FL 32802

Received by KNOPF INVESTIGATIONS, INC on the 25th day of November, 2020 at 11:18 am to be served on **S&ME, INC. i/c/o Cogency Global, Inc., as Registered Agent, 115 North Calhoun St., Tallahassee, FL Suite 4**.

I, Christopher Kady, being duly sworn, depose and say that on the **30th day of November, 2020** at **11:50 am, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS, CLASS ACTION COMPLAINT, and PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT** with the date and hour of service endorsed thereon by me, to: **CHRIS VICK** as **CLIENT SERVICE SPECIALIST** authorized to accept service, of the within named corporation, at the address of: **115 NORTH CALHOUN STREET, SUITE 4, TALLAHASSEE, FL 32301** on behalf of **S&ME, INC.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 25, Sex: M, Race/Skin Color: WHITE, Height: 5'11", Weight: 165, Hair: BROWN, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.                    "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.   NOTARY NOT REQUIRED PURSUANT TO FS 92.525



CAITLIN D CHELETTE
MY COMMISSION # GG 967738
EXPIRES: March 10, 2024
Bonded Thru Notary Public Underwriters

STATE OF FLORIDA, COUNTY OF LEON

Sworn to (or affirmed) and Subscribed before me by means of [ ] physical presence or [ ] online notarization on the 30th day of November, 2020 by the affiant who is personally known to me.

_____
PRINTED NAME

_____
NOTARY PUBLIC

**Christopher Kady**
Process Server 237

**KNOPF INVESTIGATIONS, INC**
P.O. BOX 560856
ROCKLEDGE, FL 32956-0856
(321) 373-1245

Our Job Serial Number: LDK-2020206960
Ref: 2020-CA-11523-O

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

Filing # 116899537 E-Filed 11/18/2020 03:08:20 PM

NOV 30 2020

Served Date: _____ Time: 11:50AM
Christopher Kady #237
2nd Judicial Circuit

## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
## IN AND FOR ORANGE COUNTY, FLORIDA

BEVERLY MASSEY MOUNT,
TERESA JOHNSON,
SHAQUATAN NICOLE FLEMMING,       CASE NO:    2020-CA-11523-O
QUINEISHA HYLTON, and
NATHANIEL JACKSON,

      Plaintiffs,

vs.

PULTE HOME COMPANY, LLC, and
S&ME, INC.,

      Defendants.                    /

_____

### SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint in the above-styled cause upon the Defendant:

**S&ME, INC.,**
i/c/o Cogency Global, Inc., as Registered Agent
115 North Calhoun St., Suite 4
Tallahassee, FL 32301

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Tyler R. Kobylinski, Esquire and S. Maxwell Karrick, Esquire, **Morgan & Morgan, P.A.**, 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

### REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303**, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the __23__ day of ____November____, 2020.

**Tiffany Moore Russell**
Clerk of the Circuit Court

James R Stoner, Deputy Clerk
2020-11-23 10:54:22
By_____
As Deputy Clerk

Civil Division
425 N. Orange Avenue
Room 350
Orlando, Florida 32801

2

2:41 PM  Fri Dec 18                                                                                      64%

🔒 myeclerk.myorangeclerk.com



**Tiffany Moore Russell**
Orange County Clerk
Court Records Search
myorangeclerk.com

| Home | Accessibility | Records Search | Register | Log in |

🖶 Print   2020-CA-011523-O : MASSEY MOUNT, BEVERLY et al. vs. PULTE HOME COMPANY LLC et al.

### Case Header

Case Type: CA - Mass Tort
Date Filed: 11/18/2020
Location: Div 39
UCN: 482002CA011523A001OX
Judge: Chad K Alvaro
Status: Pending
Citation Number:
Compliance Date:

### Parties

| Name | Type | Attorney | Atty Phone |
|------|------|----------|------------|
| BEVERLY MASSEY MOUNT | Plaintiff | S. KARRICK | 407-420-1414 |
| TERESA JOHNSON | Plaintiff | S. KARRICK | 407-420-1414 |
| SHAQUATAN NICOLE FLEMMING | Plaintiff | S. KARRICK | 407-420-1414 |
| QUINEISHA HYLTON | Plaintiff | S. KARRICK | 407-420-1414 |
| NATHANIEL JACKSON | Plaintiff | S. KARRICK | 407-420-1414 |
| PULTE HOME COMPANY LLC | Defendant | | |
| S AND ME INC | Defendant | | |

### Charge Details

| Offense Date | Charge | Plea | Arrest | Disposition | Sentence |
|--------------|--------|------|--------|-------------|----------|
| | | | | | |

### Docket Events

Document Status: 🔓 = Public   🔒 = VOR   📁 = Confidential   🗄️ = Sealed   ⊘ = Request Pending.

| Date | Description | Pages | Doc | Request Doc |
|------|-------------|-------|-----|-------------|
| 12/2/2020 | Summons Returned Served<br>Comments: PULTE HOME COMPANY, LLC | 3 | 📄 | |
| 12/2/2020 | Summons Returned Served<br>Comments: S&ME, INC | 3 | 📄 | |

2:42 PM   Fri Dec 18                                                                    63%

🔒 myeclerk.myorangeclerk.com

| 11/23/2020 | Summons Issued Electronically as to Comments: emailed to atty | 4 | |
| 11/23/2020 | Summons Issued Electronically as to Comments: emailed to atty | 4 | |
| 11/18/2020 | Request to Produce | 8 | |
| 11/18/2020 | Request to Produce | 8 | |
| 11/18/2020 | Complaint | 14 | |
| 11/18/2020 | Civil Cover Sheet | 3 | |
| 11/18/2020 | Case Initiated | | |

🔒 **VOR** (Viewable on Request)
Certain case documents contain sensitive or personally identifiable information that must be manually redacted before they are viewable by the general public. Documents listed in the Docket Events section as VOR are public documents that require further redaction by Clerk staff before they can be viewed. Follow the steps below to request access to these documents:

1. Check the Request Doc checkbox for the document you wish to view. You may repeat this for other VOR documents on the same case.
2. Once all document requests have been made for this case, click the Submit button. A confirmation screen will display, where you will be asked to enter or confirm your email address to finalize your request.
3. You will receive an initial email notification to confirm your request, followed by additional email notifications as requested documents become available. The Clerk's office makes every effort to complete these requests in a timely manner.

For definitions of document types, please refer to our glossary.

## Hearings ⌄

| Date | Hearing | Time | Location | Pages | Doc |
|------|---------|------|----------|-------|-----|

## Financial ⌄

| Date | Description | Payer | Amount |
|------|-------------|-------|--------|
| 11/18/2020 | Transaction Assessment | | 420.00 |
| 11/18/2020 | Payment | S. Maxwell Karrick | -420.00 |
| **Balance Due:** | | | 0.00 |

## Bonds ⌄

| Description | Status Date | Bond Status | Image | Amount |
|-------------|-------------|-------------|-------|--------|

# Exhibit B

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

BEVERLY MASSEY MOUNT, TERESA
JOHNSON, SHAQUATAN NICOLE                    CASE NO.: 2020-CA-011523-O
FLEMMING, QUINEISHA HYLTON, and
NATHANIEL JACKSON,

      Plaintiffs,

vs.

PULTE HOME COMPANY, LLC, and
S&ME, INC.,

      Defendants.

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

TO:
Orange County Clerk of Courts
425 N. Orange Avenue
Orlando, FL 32801

You are hereby notified that the attached Notice of Removal (less Exhibits) in this cause to the United States District Court, Middle District of Florida, has been filed with the Clerk of said District Court this 18th day of December, 2020. In accordance with Title 28 of the United States Code, no further proceedings should be held in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

*Signature to follow on next page*

Dated: December 18th, 2020

By:      /S/Martin T. Buckley

**Martin T. Buckley, Lead Trial Counsel**
Florida Bar No.: 998321
**Joseph S. Justice**
Florida Bar No.: 0378460
**Tara Lopez**
Florida Bar No.:
RINGER, HENRY, BUCKLEY &
SEACORD, P.A.

200 S. Orange Ave., Suite 2850
Orlando, FL  32801
Telephone: 407-841-3899
Facsimile:  407-841-3855
Primary email:
mbuckley@ringerhenry.com

Secondary email:

*Attorneys for Defendant Pulte Home
Company, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished by electronic mail to TYLER R. KOBYLINSKI, ESQ. and S. MAXWELL

KARRICK, ESQ., (Counsel for Plaintiffs) using the Florida E-Portal System on this

_____ day of _____, 2020 in compliance with Rule 2.516, Florida

Rules of Judicial Administration, pursuant to the Supreme Court of Florida's

Administrative Order No. AOSC13-49.

    /S/ Martin T. Buckley

MARTIN T. BUCKLEY
Florida Bar No. 998321
JOSEPH S. JUSTICE
Florida Bar No. 0378460
TARA LOPEZ
Florida Bar No. 91677
Ringer, Henry, Buckley & Seacord, P.A.
200 South Orange Avenue, Suite 2850
(32801)
Post Office Box 4922
Orlando, FL  32802-4922
Telephone:  407-841-3800
Facsimile:  407-841-3855
E-Service:
service-buckley@ringerhenry.com
service-justice@ringerhenry.com
service-lopez@ringerhenry.com
Attorneys for Defendant Pulte Home
Company, LLC

L:\M\OAKLAND-TELDENVILLE\NOT-REMOVE (STATE COURT)
MTB:ns\345.050

# Exhibit C

|  |  |  | | | | | | |
|---|---|---|---|---|---|---|---|---|
|  |  | Decedents | 160 | 160 | 600 | 600 | 715 | 715 |
|  |  | Next of Kin | 160 | 320 | 600 | 1200 | 715 | 1430 |
|  |  |  | | | | | | |
|  | Damages Type | Formula | | | | | | |
| 1.a | Funeral Costs | =6,500/decedent | $ 1,040,000.00 | $ 1,040,000.00 | $ 3,900,000.00 | $ 3,900,000.00 | $ 4,647,500.00 | $ 4,647,500.00 |
| 1.b | - Burial Alone | =2,350/decedent | $ 376,000.00 | $ 376,000.00 | $ 1,410,000.00 | $ 1,410,000.00 | $ 1,680,250.00 | $ 1,680,250.00 |
|  |  |  | | | | | | |
| 2.a | Required Per Plaintiff Emotional Distress | = $5,000,000 / Next of Kin | $ 31,250.00 | $ 15,625.00 | $ 8,333.33 | $ 4,166.67 | $ 6,993.01 | $ 3,496.50 |
| 2.b | - Per Plaintiff Emotional Distress w/ | = ($5M - Funeral Costs)/Next of | $ 24,750.00 | $ 12,375.00 | $ 1,833.33 | $ 916.67 | $ 493.01 | $ 246.50 |
| 2.c | - Per Plaintiff Emotional Distress w/ Burial | = ($5M - Burial Alone | $ 28,900.00 | $ 14,450.00 | $ 5,983.33 | $ 2,991.67 | $ 4,643.01 | $ 2,321.50 |
|  |  |  | | | | | | |
| 3.a | Required Emotional Damages if Punitive Damages awarded (no Burial) | =($5,000,000 / Next of Kin) / 4 | $ 7,812.50 | $ 3,906.25 | $ 2,083.33 | $ 1,041.67 | $ 1,748.25 | $ 874.13 |
| 3.b | - Required Emotional Damages if Punitive Damages awarded (w/ Funeral) | =(($5000000-(1.a x 4))/Next of Kin) / 4 | $ 1,312.50 | $ 656.25 | $ - | $ - | $ - | $ - |
| 3.c | - Required Emotional Damages if Punitive Damages awarded (w/ Burial) | =(($5000000-(1.b x 4))/Next of Kin) / 4 | $ 5,462.50 | $ 2,731.25 | $ - | $ - | $ - | $ - |
|  |  |  | | | | | | |
| 4 | Injunctive Relief | | $ 2,000,000.00 | $ 2,000,000.00 | $ 2,000,000.00 | $ 2,000,000.00 | $ 2,000,000.00 | $ 2,000,000.00 |